In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-2419

NISTOR URSACHI,

*Petitioner,*

*v.*

IMMIGRATION AND NATURALIZATION SERVICE,

*Respondent.*

On Petition for Review
From Board of Immigration Appeals
No. A71-471-622

ARGUED APRIL 9, 2002—DECIDED JULY 16, 2002

Before FLAUM, *Chief Judge*, and COFFEY and KANNE,
*Circuit Judges*.

KANNE, *Circuit Judge*. Nistor Ursachi, a Romanian na-
tional, failed to appear at his deportation hearing. The im-
migration judge ("IJ") at the hearing ordered *in absentia*
that Ursachi be deported to Romania under § 241(a)(1)(B)
of the Immigration and Nationality Act ("INA") because
he remained in the United States longer than permitted.
Ursachi filed a motion to reopen his deportation proceed-
ing, alleging that exceptional circumstances beyond his
control prevented him from attending his deportation hear-
ing. The IJ denied Ursachi's motion, finding that Ursachi

failed to appear at his deportation hearing without good cause, and the Board of Immigration Appeals ("BIA") affirmed. We affirm.

## I.  Background

In 1997, the United States Immigration and Naturalization Service Asylum Office denied Ursachi political asylum. Ursachi subsequently filed applications for political asylum and Suspension of Deportation. Ursachi was scheduled to appear before the IJ on April 12, 1999 for a merits hearing. However, Ursachi failed to attend this hearing. In light of Ursachi's failure to attend, the IJ ordered him deported. Ursachi then filed a timely motion to reopen his deportation proceedings, alleging that exceptional circumstances beyond his control prevented him from attending his deportation hearing.

In support of his motion to reopen the proceedings, Ursachi submitted a personal affidavit and a handwritten note from his doctor. Ursachi's personal affidavit provided:

> On April 12, 1999, I was very ill and I went to see my doctor, Dr. Ioan Cheregi. He told me to stay home for several days, so I went home on April 12, 1999, and I did not appear before the Immigration Judge.

The note from Dr. Cheregi stated that "[Ursachi] came to my office [illegible] flu symptoms and dizziness." Despite this evidence, the IJ denied Ursachi's motion to reopen his deportation proceeding, stating that "perfunctory statements are insufficient evidence to demonstrate that Ursachi's illness was an 'exceptional circumstance.'" Adopting the reasoning of the IJ, the BIA affirmed.

On appeal, Ursachi argues (1) that the IJ erred in denying his motion to reopen, (2) that he was denied due process of law because the BIA relied upon a new evidentiary standard without giving him notice of the new standard, and (3)

that his failure to appear at his deportation hearing did not preclude him from reopening his proceedings before the IJ in order to pursue his political asylum application.

## II.  Analysis

Pursuant to § 242B(e)(1)* of the INA, Ursachi first argues that the IJ erred in denying his motion to reopen his deportation proceeding because his failure to appear was due to exceptional circumstances beyond his control. *See* 8 U.S.C. § 1252b(e)(1). We review the denial of a motion to reopen a deportation order entered *in absentia* for an abuse of discretion. *See Nazarova v. INS*, 171 F.3d 478, 482 (7th Cir. 1999). Because the BIA adopted the reasoning of the IJ, we will be reviewing the decision of the IJ. *See Pop v. INS*, 270 F.3d 527, 529 (7th Cir. 2001).

Under § 242B of the INA, prior to deportation proceedings, an alien must receive written notice of the time, date, and place of deportation proceedings; notification of the right to be represented by an attorney; and notification of the consequences of a failure to appear for reasons other than the statutorily defined "exceptional circumstances." 8 U.S.C. § 1252b(a)(2), (3); *see also Nazarova*, 171 F.3d at 482. Exceptional circumstances are defined as circumstances beyond the control of the alien "such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances." 8 U.S.C. § 1252b(f)(2).

In *In re J-P*, Int. Dec. 3348 (BIA 1998), the BIA explained that where an alien alleges illness in the context of a mo-

---

* Although this section has been repealed, it still governs Ursachi's appeal as he was placed in deportation proceedings prior to April 1, 1997.

tion to reopen an *in absentia* deportation order, the evidence offered in support of such allegation should contain "detail regarding the cause, severity, or treatment of the alleged illness." In light of the applicable standard of review, we simply are unable to conclude that the IJ abused its discretion in denying Ursachi's motion to reopen his *in absentia* deportation order. Neither Ursachi's personal affidavit nor his doctor's note provide any detail regarding the cause or the severity of Ursachi's illness. *See id.* Further, while one could argue that Ursachi presented evidence that he was to stay home for a couple days as treatment, the fact that the IJ found this statement alone to be insufficient to establish exceptional circumstances was not an abuse of discretion.

Next, Ursachi contends that he was denied due process of law because the BIA relied on *In re J-P* for considering evidence bearing upon the question of exceptional circumstances without giving him notice of this allegedly "new" standard. However, *In re J-P* was decided *two years* prior to the BIA's decision. *See id.* Therefore, Ursachi was clearly on notice of the BIA's evidentiary requirements with respect to exceptional circumstances.

Finally, Ursachi urges us to find that even if his motion to reopen his deportation proceeding is denied, he should be allowed to move to reopen deportation proceedings in order to request a decision on his application for political asylum. This issue, however, is not within our jurisdiction to review. Appellate jurisdiction to review deportation orders entered *in absentia* is confined by statute "to the issues of the validity of the notice provided to the alien, to the reasons for the alien's not attending the proceeding, and to whether or not clear, convincing, and unequivocal evidence of deportability has been established." *Nazarova*, 171 F.3d at 482 (*quoting* 8 U.S.C. § 1252b(c)(4)). Thus, we decline to review Ursachi's final argument on appeal.

### III.  Conclusion

For the foregoing reasons, we AFFIRM.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*