**Wei–Ming TAN, Petitioner,**

v.

**Edward J. McELROY, District Director of the Immigration Naturalization Service, et al., Respondents.**

No. 00–4156.

United States Court of Appeals, Second Circuit.

Nov. 6, 2003.

PRESENT: KEARSE, McLAUGHLIN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Wei–Ming Tan, a citizen of China, seeks review of a BIA order dismissing his appeal from the 1996 exclusion order of an Immigration Judge ("IJ"). *See* Immigration and Nationality Act ("INA") § 212(a)(7), 8 U.S.C. § 1182(a)(7) (1994). Tan argues that the BIA should have vacated the IJ exclusion order and remanded his case for a new hearing because (1) the IJ erred in conducting the exclusion hearing in his absence, and (2) new evidence establishes good cause for his failure to appear at the hearing, *i.e.,* the ineffective assistance of his original counsel.[1]

We preliminarily observe that the exclusion hearing at which Tan failed to appear took place on May 9, 1996. Within a few days—on May 15, 1996—Tan, through new counsel, appealed to the BIA, explaining that former counsel had not informed him of the exclusion hearing date. However curious we may find it that the INS would prefer years of litigation to the granting of such a prompt request for remand, our review of the BIA dismissal decision is circumscribed by law. Specifically, although we review the BIA's interpretation and application of law *de novo,* "we accord *Chevron*-style deference" to those BIA statutory constructions that "reflect[ ] a judgment that is peculiarly within the

Vlad Kuzmin, Wilson, Joshi & Kuzmin LLP, New York, New York, for Petitioner.

Emily S. Reisbaum, Assistant United States Attorney (James B. Comey, United States Attorney; Meredith E. Kotler, Assistant United States Attorney, on the brief) New York, New York, for Respondents.

---

1. Although Tan's petition falls within former Section 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a) (1994), which was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, § 306(b), 110 Stat. 3009–546, 3009–612, his petition is properly before this court pursuant to IIRIRA transitional rules, *see* IIRIRA § 309(c)(1), (4)(A), 110 Stat. 3009–625 to –

626, because his exclusion proceedings commenced before April 1, 1997, and a final order was issued after October 30, 1996, *see generally* 8 U.S.C. § 1101(a)(47)(B)(i) (2000) (order of deportation becomes final upon BIA's affirmance of such order). *See Ahmed v. Ashcroft,* 286 F.3d 611, 612 n. 1 (2d Cir. 2002); *Henderson v. I.N.S.,* 157 F.3d 106, 117 (2d Cir.1998).

BIA's expertise." *Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003). Further, we are obliged to treat BIA findings of fact as "conclusive" if they are supported by "reasonable, substantial, and probative evidence." 8 U.S.C. § 1105a(a)(4) (1994); *see Ahmed v. Ashcroft,* 286 F.3d 611, 612 (2d Cir.2002). To reverse, we must find that the evidence not only supports a contrary conclusion, but compels it. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ahmed v. Ashcroft,* 286 F.3d at 612. Finally, we review a challenge to a BIA denial of a request for remand like a denial of a request to reopen, only for abuse of discretion, *see Correa v. Thornburgh,* 901 F.2d 1166, 1174 (2d Cir.1990); *see also Ursachi v. INS,* 296 F.3d 592, 594 (7th Cir.2002); *Anin v. Reno,* 188 F.3d 1273, 1276 (11th Cir.1999); *Rodriguez v. INS,* 841 F.2d 865, 867 (9th Cir.1987) (noting that "formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same"). We will reverse only if "the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). That is not this case.

#### 1. *The* In Absentia *Hearing*

The IJ's authority to conduct exclusion proceedings *in absentia* is codified by regulation. *See* 8 C.F.R. § 3.26(a) (1995) (recodified at 8 C.F.R. § 1003.26(a) (2003)). Tan does not dispute this authority; he asserts only that it was improperly exercised in his case because the IJ failed to "satisf[y herself] that notice of the time

and place of the proceeding was provided to the applicant." *Id.*

■ In fact, § 3.26(a) permits notice to be provided in a number of ways, including "by written notice to the applicant or to the applicant's counsel of record." *See generally Stajic v. INS,* 961 F.2d 403, 405 (2d Cir.1992). In this case, the IJ knew that she herself had provided such written notice when, on the record on August 10, 1995, she handed Tan's counsel a letter adjourning the exclusion hearing to May 9, 1996, instructing him to convey the notice to his client, who was then present. Under these circumstances, and in light of the fact that Tan's then-counsel told the IJ he could offer no excuse for his client's absence on May 9, 1996, the BIA did not err in concluding that no further inquiry was required to permit the IJ to proceed *in absentia.*

#### 2. *New Evidence of Ineffective Assistance of Counsel*

An alien ordered excluded *in absentia* may move to reopen and rescind the order on a showing of "reasonable cause" for failure to appear, *see Matter of Haim,* 19 I. & N. Dec. 641, 642, 1988 WL 235452 (BIA 1988), supported by affidavits or other evidence, *see* 8 C.F.R. § 3.2(c)(1) (2000) (recodified at 8 C.F.R. § 1003.2(c)(1) (2003)). Where such an application is made on direct appeal, the BIA may construe the argument as a motion to remand for a new hearing. *See Thomas v. INS,* 976 F.2d 786, 788 (1st Cir.1992).

When an alien proffers ineffective assistance of former counsel as the "reasonable cause" to support his request for reopening or remand, the BIA requires that he submit: (1) an affidavit attesting to the relevant facts, (2) proof that he has notified former counsel of the allegations of ineffectiveness and afforded him an oppor-

tunity to respond, and (3) a statement indicating that he has filed a disciplinary complaint against counsel, or an explanation for his failure to do so. *See Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988); *see also Esposito v. INS,* 987 F.2d 108, 110–11 (2d Cir.1993). In this case, Tan attempted to satisfy the third requirement but completely failed to comply with the other two.

■ Even if this omission were to be excused, the BIA's denial of remand could not be ruled an abuse of discretion because it was based on an explicit factual finding—that Tan's claim that he was unaware of the May 9, 1996 hearing date was not credible—that is supported by probative record evidence. *See Ahmed v. Ashcroft,* 286 F.3d at 612. Because Tan fails to demonstrate that a contrary finding was compelled by the evidence, *see INS v. Elias-Zacarias,* 502 U.S. at 481 n. 1, 112 S.Ct. 812, we must uphold the BIA order.

In sum, because the BIA correctly ruled that the IJ's decision to conduct Tan's exclusion hearing *in absentia* complied with 8 U.S.C. § 3.26(a), and because the BIA did not abuse its discretion in concluding that no "reasonable cause" warranted remanding Tan's case for a new exclusion hearing, we hereby DENY the petition for review of the BIA judgment.