**Edmond MULLISI, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 03–2504.

United States Court of Appeals,
Seventh Circuit.

Argued July 6, 2004.

Decided Aug. 9, 2004.

Stephen D. Berman, Chicago, IL, for Petitioner.

George P. Katsivalis, Chicago, IL, Song Park, Ari Nazarov, Washington, DC, for Respondent.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

## ORDER

Edmond Mullisi, a native of Kosovo (part of the new Serbia–Montenegro) petitions for review of an order of the Board of Immigration Appeals summarily affirming the decision of the Immigration Judge denying his motion to reopen a removal order granted *in absentia* because of his failure to appear at his scheduled removal hearing. Mullisi claims that he was unable to appear at his hearing because of "exceptional circumstances"—namely his son's need to be taken to the physician and physical therapist on that day. Mullisi's contention is not supported by evidence in the record and therefore we deny his petition.

Mullisi unlawfully entered the United States without inspection in July 1995 and applied for asylum in 1997. In February 2001 the immigration court notified Mullisi's counsel that it had scheduled Mullisi's "master calendar" hearing for October 2,

2001. The letter warned that Mullisi's failure to appear—in the absence of any "exceptional circumstances"—could result in a hearing in his absence.

Mullisi did not appear at the scheduled hearing, and the IJ ordered him removed *in absentia.* On the form order, the IJ checked the boxes indicating that Mullisi failed to appear at his hearing, and that no good cause had been given for failing to appear.

Mullisi filed a motion to reopen and rescind the removal order on the ground that he was unable to attend the hearing because his son, who suffers cerebral palsy, needed to be taken to the doctor and to the physical therapist on that day "due to the child's ongoing acute condition." In support of his motion, Mullisi submitted his son's birth certificate, a letter from his son's school physical therapist outlining a treatment schedule for his cerebral palsy, an evaluation of his son's progress in physical therapy, and an affidavit from his attorney summarizing Mullisi's explanation that he could not attend the hearing because he had to transport his son to the physician and physical therapist.

The IJ denied Mullisi's motion because the circumstances of his failure to appear were not exceptional. The IJ explained that Mullisi's evidence comprised "only general statements of his son's condition and do not show that his son was in need of medical treatment on the day of the hearing."

Mullisi appealed the IJ's decision, and the Board summarily affirmed without opinion. (A.R. at 2.) Accordingly, this court will review the IJ's decision as the final agency determination. *Mousa v. INS,* 223 F.3d 425, 428 (7th Cir.2000). The IJ's denial of Mullisi's motion to reopen is reviewed deferentially for an abuse of discretion. *See Awad v. Ashcroft,* 328 F.3d 336, 341 (7th Cir.2003).

Mullisi argues on appeal that the IJ's refusal to rescind his removal order was error because his son's need for medical attention constituted an "exceptional circumstance" that prevented him from attending his hearing. Mullisi contends that his son suffers cerebral palsy and "requires significant medical attention." But nowhere in his brief does he specify what medical need arose on the day of the hearing to prevent him from attending.

An order issued *in absentia* for failure to appear may be rescinded if the alien demonstrates that he was prevented from appearing "because of" an "exceptional circumstance," such as "serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances beyond the control of the alien." 8 U.S.C. § 1229a(b)(5)(C), (e)(1). In reaching its decision, the court must consider the totality of the circumstances. *See* H.R. Conf. Rep No. 101–955, at 119, 132 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6784, 6797; *In re J–P–,* 22 I. & N. Dec. 33, 36, 1998 WL 299471 (BIA 1998); *see also Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir.2002). To support a claim that an illness constituted an exceptional circumstance, the petitioner must submit detailed evidence regarding the cause, severity, or treatment of the illness. *Ursachi v. INS,* 296 F.3d 592, 594 (7th Cir. 2002). Affidavits from the alien himself or other witnesses "attesting to the extent of the disabilities and the remedies used" may substantiate a claim, *In re J–P–,* 22 I. & N. at 35, but the evidence must be detailed and specific.

Mullisi presented no evidence that he failed to appear because of his son's condition. The materials he submitted in his motion to reopen establish only that his son suffers cerebral palsy. There is no evidence showing that on the hearing date

Mullisi's son received medical attention, that Mullisi was involved in procuring medical attention for his son, or that his son suffered any unforseen condition. Without admissible evidence describing the circumstances of illness that required attention on the day of the hearing, Mullisi cannot meet his burden to show an exceptional circumstance. *See* 8 U.S.C. § 1229a(e)(1); *Ursachi,* 296 F.3d at 594 (holding that even though petitioner provided a doctor's note and a personal affidavit, both lacked the necessary detail regarding cause or severity of illness on hearing day); *In re J–P–,* 22 I. & N. at 34 (holding that petitioner's affidavit that he had a strong headache that kept him in bed for two days lacked required detail regarding cause, severity, or treatment of his illness on hearing day).

Finally, Mullisi's contentions that: 1) he did not receive proper notice of his hearing date, 2) the notice did not indicate the consequences of failing to appear, and 3) the judge should not have issued a removal order because the purpose of the hearing was merely to calendar a future hearing are waived because he did not raise them either in his motion to reopen to the IJ, or in his appeal to the Board. *See* 8 U.S.C. § 1252(b)(4)(A), (d)(1); *Toptchev v. INS,* 295 F.3d 714, 721 (7th Cir.2002). Mullisi's petition for review is DENIED.