NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 3, 2022[*]
Decided August 11, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2336

| | |
|---|---|
| AVTANDIL KUNDUKHASHVILI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A098-528-031 |
| | |
| MERRICK B. GARLAND, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

After Avtandil Kundukhashvili, a Georgian citizen, did not appear at his removal hearing, the immigration judge ("IJ") ordered that he be removed in absentia. Kundukhashvili moved to reopen the proceedings, arguing that he missed the hearing

---

[*] We previously granted the respondent's motion to waive oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

because of an unspecified illness. The IJ concluded that Kundukhashvili did not establish that his illness amounted to an exceptional circumstance under 8 U.S.C. § 1229a(b)(5)(C)(i) and denied the motion. The Board of Immigration Appeals affirmed. Because the Board did not abuse its discretion, we deny Kundukhashvili's petition for review.

Kundukhashvili came to the United States via Canada without inspection in 2004. (Canada had previously denied his application for political asylum.) Soon after arriving in the United States, Kundukhashvili applied for asylum and withholding of removal based on his Georgian nationality—specifically, his Ossetian ethnicity.

In 2005 the Department of Homeland Security served a notice to appear upon Kundukhashvili and charged him with being removable under the Immigration and Nationality Act on the ground that he had not been admitted or paroled into the United States. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Kundukhashvili did not appear at the hearing, and the IJ ordered him removed in absentia. Six months later Kundukhashvili moved to reopen the proceedings for failure to receive notice of the hearing date. The IJ granted the motion. Over the next decade, his hearing was rescheduled many times but eventually was set for January 2018. However, Kundukhashvili also failed to appear at this hearing, and the IJ again ordered him removed in absentia.

Under § 1229a(b)(5)(C)(i), an in absentia removal order may be rescinded "upon a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." Two days before that 180-day deadline lapsed, Kundukhashvili moved to reopen the proceedings based on an illness that he said prevented him from attending the hearing. In support he submitted an affidavit asserting that he was "very sick" the week of the hearing and did not go to the hospital because he "tr[ies] to avoid the doctor unless [it] is a life or death case." Kundukhashvili added without elaboration that he was not able to contact his attorney and that an "absentminded mistake"—not giving his updated phone number and address to his attorney—prevented the attorney from contacting him. The IJ denied Kundukhashvili's motion to reopen, stating that he "ha[d] not established exceptional circumstances[] or that he [had] failed to receive proper notice."

Kundukhashvili appealed to the Board of Immigration Appeals and reiterated that he could not appear because of "his medical condition" and "communication issues" with counsel. The Board upheld the denial of reopening and agreed with the IJ that Kundukhashvili had not established exceptional circumstances:

> Accepting that the respondent would not have a doctor's note to submit into evidence, he still did not submit supporting documentation to establish that he could not attend his hearing due to illness. There were no third party statements or other evidence of his illness. Significantly, his own affidavit did not even describe his illness. Additionally, the respondent made no claim of trying to notify the Immigration Court that he was ill, and he did not explain what steps he took to try to obtain advice from his attorney. Instead, the respondent's motion was vague and insufficient to establish exceptional circumstances. Furthermore, the respondent's motion to reopen was filed at the very end of the 180-day period for filing motions to reopen in absentia proceedings based on extraordinary circumstances.

Kundukhashvili timely petitioned for review. On appeal he argues that the IJ and the Board erred because his illness created "exceptional circumstances" that warranted reopening his proceedings. § 1229a(b)(5)(C)(i). His analysis is barebones, and we reproduce it here in its entirety:

> The Respondent failed to appear in his last hearing due to his illness. His illness not only prevented him [from] going to a doctor but also contacting his attorney or the court. His inability of informing his attorneys or the court speaks [to] the severity of his mental and physical sickness, whatever it was. Furthermore, the Respondent had appeared at all previously scheduled hearings. Therefore, the totality of the circumstances in this case supports the claim of the Respondent that his motion to reopen warranted a favorable decision.

We review only the Board's decision because the Board expanded upon the IJ's analysis. *See Kone v. Holder*, 620 F.3d 760, 763 (7th Cir. 2010).

Under the Immigration and Nationality Act, an order of removal in absentia may be rescinded upon a motion to reopen, filed within 180 days of the order, if the petitioner demonstrates that "exceptional circumstances" caused the failure to appear.

*See* § 1229a(b)(5)(C)(i); *Vyloha v. Barr*, 929 F.3d 812, 816 (7th Cir. 2019).[1] "Exceptional circumstances" are those beyond the petitioner's control, including "serious illness" to the petitioner "but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

We review the denial of a motion to reopen for an abuse of discretion, *see Singh v. Sessions*, 898 F.3d 720, 724 (7th Cir. 2018), and here the Board appropriately exercised its discretion to deny the motion. As the Board explained, the evidence offered by Kundukhashvili did not establish exceptional circumstances for his failure to appear at his removal hearing. *See Adebowale v. Mukasey*, 546 F.3d 893, 896 (7th Cir. 2008) (upholding the denial of a motion to reopen based on exceptional circumstances where the petitioner said that he suffered from a "'viral illness' that disoriented him" but "did not even describe the symptoms that he suffered or explain why his illness prevented him from attending the hearing"); *Kay v. Ashcroft*, 387 F.3d 664, 671 (7th Cir. 2004) (same, where the petitioner "fail[ed] to explain how his PTSD prevented him from attending the … hearing"); *Ursachi v. I.N.S.*, 296 F.3d 592, 594 (7th Cir. 2002) (same, where the petitioner provided a personal affidavit and a doctor's note, but neither included "any detail regarding the cause or severity of [his] illness"); *see also Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (affirming the Board's decision because the petitioner did not present enough evidence to compel a finding that his asthma attack was an exceptional circumstance); *Lonyem v. U.S. Att'y. Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003) (same, because the petitioner did not indicate any effort to contact the immigration court and the IJ found that his attached affidavit was not credible). The Board reasonably highlighted Kundukhashvili's failure to introduce third-party statements or other evidence of his illness—an illness that Kundukhashvili has yet to identify beyond saying that it "prevented him [from] going to a doctor" and "contacting his attorney or the court."

Kundukhashvili's only other argument is that he "had appeared at all previously scheduled hearings." But this misstates the facts; he also missed his 2005 removal hearing, which was held in absentia. Regardless, his attendance at any prior hearing is irrelevant to whether he established that his illness was sufficiently serious to constitute an extraordinary circumstance.

---

[1] An order of removal in absentia may also be rescinded if the petitioner can demonstrate that he received improper notice, *see* 8 U.S.C. § 1229a(b)(5)(C)(ii), but Kundukhashvili does not suggest that his notice of the 2018 hearing was in any way improper.

Therefore, we DENY Kundukhashvili's petition for review.