Ali Zain AHMED, Petitioner,

v.

John ASHCROFT, Attorney General of
the United States,* Respondent.

Docket No. 98–4105.

United States Court of Appeals,
Second Circuit.

Argued: March 7, 2002.

Decided: March 29, 2002.

---

* John Ashcroft became the United States Attorney General effective February 2001, to succeed Janet Reno. Under Fed.R.Civ.P. 25(d)(1), Ashcroft is automatically substituted as a defendant in this action.

Robert D. Kolken, Sacks & Kolken, Buffalo, NY, for petitioner.

Megan L. Brackney, Assistant United States Attorney, for Mary Jo White, United States Attorney for the Southern District of New York; Kathy S. Marks and Jeffrey S. Oestericher, Assistant United States Attorneys, on the brief, for respondent.

Before CALABRESI and CABRANES Circuit Judges, and AMON, District Judge.[**]

PER CURIAM.

Petitioner Ali Zain Ahmed appeals a decision of the Board of Immigration Appeals (BIA). The BIA ordered his removal on the grounds that Ahmed had abandoned his lawful permanent resident status during a nine-year absence from the United States. As a result of the abandonment, the BIA found, pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(7)(A)(i)(I), that petitioner was excludable from the United States as an immigrant who did not possess a valid entry document.[1] Ahmed argues on appeal (1) that the BIA erred in finding that he had abandoned his lawful permanent resident status and (2) that the court erred in refusing to consider his conduct subsequent to his return to the United States in 1991 as objective evidence corroborating

his subjective intent to retain his lawful permanent resident status.

On petition for review of a BIA judgment, "findings of facts, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive." 8 U.S.C. § 1105a(a)(4) (1988); *see also Osorio v. I.N.S.*, 18 F.3d 1017, 1022 (2d Cir.1994). To reverse under the substantial evidence standard, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see Osorio*, 18 F.3d at 1022.

Generally, in order to gain admission into the United States, an immigrant must present a valid, unexpired immigrant visa as well as a valid, unexpired passport or other travel document. 8 U.S.C. § 1181(a). If a person fails to produce such documents, § 1182(a)(7)(A)(i)(I) requires that he or she be excluded. An immigrant seeking admission who is a "returning resident," however, may be readmitted into the United States without entry documents. 8 U.S.C. § 1181(b). A returning resident is a lawful permanent resident returning from a "temporary visit abroad." 8 U.S.C. § 1101(a)(27)(A). The determinative issue here is whether the nine year period during which Ahmed lived and worked in Bahrain and Yemen after

---

[**] The Honorable Carol Bagley Amon of the United States District Court for the Eastern District of New York, sitting by designation.

1. Ahmed's petition falls within former Section 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a), which was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, § 306(b), 110 Stat. 3009–546, 3009–612. Because Ahmed's deportation proceedings began before April 1, 1997 and his order of deportation became final after October 30, 1996, this case is governed by IIRIRA's transitional provisions.

See *Henderson v. I.N.S.*, 157 F.3d 106, 117 (2d Cir.1998). Under these provisions, this court has the authority to review final orders of deportation. See 8 U.S.C. § 1105a(a) (repealed 1996); IIRIRA § 309(c)(1)(B), 110 Stat. at 3009–625 ("proceedings (including judicial review thereof) shall continue to be conducted without regard to [the] amendments"); *see also Yang v. McElroy*, 277 F.3d 158, 160 n. 1 (2d Cir.2002). Deportation proceedings against Ahmed were commenced on December 8, 1995. The BIA rendered its final decision on February 20, 1998.

receiving lawful permanent resident status in the United States qualifies as a "temporary visit abroad."

■ Our cases establish that a temporary visit abroad requires that "the intention of the departing immigrant must be to return within a period relatively short, fixed by some early event." *United States ex rel. Lesto v. Day*, 21 F.2d 307, 308–09 (2d Cir.1927). When the length of the visit is not fixed by some early event but instead relies upon an event with a reasonable possibly of occurring within a short period of time, what constitutes a temporary visit "cannot be defined in terms of elapsed time alone." *United States ex rel. Polymeris v. Trudell*, 49 F.2d 730, 732 (2d Cir.1931). "Then the intention of the visitor, when it can be determined, will control." *Id.* In such a case, however, the intention of the visitor must still be "to return within a period relatively short, fixed by some early event." *Id.*

■ At the outset, we reject Ahmed's contention that the BIA's finding that Ahmed "probably never formed the subjective intent of abandoning his lawful permanent residence in the United States" precludes it, as a matter of law, from finding that he abandoned his lawful permanent resident status. The dispositive question in this case is whether Ahmed intended "to return within a period relatively short, fixed by some event," not whether he actually intended to abandon his status.

■ Turning to that dispositive question, we find that, despite Ahmed's application for a reentry permit prior to his departure from the United States in 1982 and his effort in 1983 to secure a duplicate copy of his reentry, and assuming *arguendo* that we should consider his conduct subsequent to reentering the United States in 1991, overwhelming evidence supports the BIA's decision that while Ahmed was abroad, he lacked the requisite intent to return to the United States within a relatively short period of time. Ahmed, a native of Yemen, left the United States in 1982, nearly three years after being laid off from work. He accepted a position with the Bahrain Police Department and kept this job for the next eight years. While abroad, Ahmed traveled a number of times to Yemen, where he has family, property, and business ties. During this time, Ahmed did not maintain ties with his relatives in the United States nor owned property or assets in this country. Finally, while Ahmed claims that his return to the United States was contingent upon being rehired by his former employer, this was not an event that was likely to occur within a reasonably short period of time. This fact along with the many indications of Ahmed's intended permanence abroad, make the BIA's finding that Ahmed lacked intent to return to the United States within a relatively short period unassailable. Accordingly, Ahmed is ineligible for relief as a returning resident.

Having reviewed all of petitioner's claims and finding them to be without merit, we DENY the petition for review of the judgment of the Board of Immigration Appeals ordering the petitioner deported but permitting his voluntary departure.