Christopher Ifanyi EZENWAFOR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–3639.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

---

Christopher Ifanyi Ezenwafor, Seattle, WA, pro se.

Anthony P. Nicastro, David V. Bernal, U.S. Department of Justice Office of Litigation, Washington, DC, for Respondent.

Before BATCHELDER and MOORE, Circuit Judges; and CALDWELL, District Judge.*

## ORDER

Christopher Ifanyi Ezenwafor, a citizen of Nigeria currently residing in Seattle, Washington, petitions pro se for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision ordering his removal from the United States. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ezenwafor was born in Nigeria in 1949. He entered the United States in 1975 as a student. After obtaining his MBA degree from the University of Notre Dame, he was employed by a United States corporation which successfully petitioned for him to become a lawful permanent resident in 1980. Ezenwafor quit working for that company in 1984, and continued to live in the United States by receiving support from friends and family in Nigeria. In December 1991, Ezenwafor left the United States on a one-way ticket to Nigeria. He reentered the United States in April 1997, in Detroit, where an immigration inspector determined that Ezenwafor had abandoned his permanent resident status and began removal proceedings against him.

A hearing was held before an immigration judge (IJ) in Detroit. Ezenwafor testified that he had traveled to Nigeria in 1991 with the intent to incorporate a distribution company to which he would export vitamin supplements from the United States. He showed that he had incorporated another business in Indiana to be the export firm. That corporation was dissolved in 1993 when Ezenwafor failed to file annual reports. Before he was able to establish the distribution company in Nigeria, however, Ezenwafor reported that he became seriously ill, from what he ultimately determined to be witchcraft being used on him by a rival family in a land dispute with his family. He never completed his business dealings because of illness, and depleted his funds to the point

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

where he was unable to purchase a return ticket to the United States. He eventually was cured by a spiritual healer, and received an airline ticket from a benefactor in Seattle, thus permitting his return. Ezenwafor also testified that he had purchased a house in Indiana before leaving the country, which was apparently rented out during his absence, although the paperwork he submitted to establish this was questionable. He did not return to Indiana, but stayed in Seattle with the person who had furnished his return ticket, eventually getting an apartment there.

At the conclusion of the hearing, the IJ issued an oral decision finding that Ezenwafor had abandoned his lawful permanent resident status and was therefore removable to Nigeria. The Board of Immigration Appeals affirmed that decision. This petition for review followed. The court previously granted Ezenwafor's motion for a stay of removal.

The respondent in this case had the burden of proving that Ezenwafor abandoned his lawful permanent resident status by clear, unequivocal, and convincing evidence. *Khodagholian v. Ashcroft,* 335 F.3d 1003, 1005 (9th Cir.2003). The finding that Ezenwafor did abandon his lawful permanent resident status is reviewed by the court under the substantial evidence standard of review. *Moin v. Ashcroft,* 335 F.3d 415, 418 (5th Cir.2003).

In order not to have abandoned his lawful permanent residence status, Ezenwafor's trip to Nigeria must be shown to have been a "temporary" visit, which has been defined as one which is fixed by the occurrence of an event that will take place within a relatively short time, *Singh v. Reno,* 113 F.3d 1512, 1519 (9th Cir.1997), or an event likely to occur within a reasonably short period of time. *Ahmed v. Ashcroft,* 286 F.3d 611, 613 (2d Cir.2002). If the event does not occur within a short

period of time, the alien must have the intention to return within a relatively short period. *Id.* In this case, Ezenwafor testified that he originally planned to return as soon as he established a distributorship for his planned export of vitamin supplements, which he estimated would take six to eight months. That event never occurred, however. He then testified that he intended to return as soon as his health permitted and as soon as he could get a ticket. These events occurred, but apparently not for over five years. In determining whether Ezenwafor intended to return within a relatively short period, or abandoned his lawful permanent residence, the IJ properly considered Ezenwafor's family, employment, and property ties in the United States. *Aleem v. Perryman,* 114 F.3d 672, 677 (7th Cir.1997). Ezenwafor had no family or employment in the United States, and his testimony about property ownership was not credible. He also did not evidence an intent to return by obtaining a reentry permit, *Singh,* 113 F.3d at 1519, or by purchasing a return ticket while funds were still available. Under these circumstances, the IJ properly concluded that Ezenwafor's actions did not support his alleged intent to retain his lawful permanent residence status. *Id.* at 1515. An absence of intention to remain abroad permanently is insufficient. *Chavez–Ramirez v. INS,* 792 F.2d 932, 937 (9th Cir.1986).

Because the finding that Ezenwafor abandoned his lawful permanent resident status is supported by substantial evidence, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.