SUMMARY ORDER
Petitioner Francisco Fernandez-Cabrera (hereinafter “petitioner” or “Fernandez-Cabrera”), a native and citizen of Spain, seeks review of a January 16, 2003 decision of the Board of Immigration Appeals (“BIA”), affirming an immigration judge’s (“IJ”) conclusion that petitioner relinquished his status as a lawful permanent resident (“LPR”). Petitioner also challenges the BIA’s denial of his motion to remand the case so that he could apply for cancellation of removal under Section 240A(a) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1229b. We assume the parties’ familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.
We review for substantial evidence the IJ’s determination that the government satisfied its burden to prove that petitioner abandoned his LPR status. See Ahmed v. Ashcroft, 286 F.3d 611, 612 (2d Cir.2002) (per curiam); Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir.2003) (“Conclusions regarding an alien’s intent are essentially factual and are reviewed for substantial evidence.”). Thus, “findings of facts, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive.” Ahmed, 286 F.3d at 612.
In the instant case, the IJ found that Fernandez-Cabrera had surrendered his LPR status by the time he returned to the United States in 1999. The IJ based his decision, in part, on the fact that petitioner lived in Spain for fourteen uninterrupted years (from 1985 to 1999), during which time he purchased property and worked, full time, and only returned to the United States when his brother needed his aid. The IJ also observed that petitioner “maintained no residence, possessed no assets, never filed an income tax return, or, otherwise, maintain[ed] any nexus to the United States.” [A-58] Based on the record before us, we conclude that substantial evidence supports the IJ’s decision that Fernandez-Cabrera abandoned his status as an LPR, and was therefore subject to deportation. See Ahmed, 286 F.3d at 612; see also Moin, 335 F.3d at 419 (“A trip is a ‘temporary visit abroad’ if (a) it is for a “relatively short” period, fixed by some early event; or (b) the trip will terminate upon the occurrence of an event that has a reasonable possibility of occurring within a relatively short period of time.”).
We also find that the BIA did not err in denying petitioner’s request for a remand for consideration of cancellation of removal. Under 8 U.S.C. § 1229b(a)(2), the “Attorney General may cancel removal in the ease of an alien who is inadmissible or deportable from the United States if the alien ... has resided in the United States continuously for 7 years after having been admitted in any status.” Because petitioner has not satisfied the residency requirement, he is ineligible for cancellation of removal.
We have considered all of petitioner’s arguments and find them to be without merit. For the foregoing reasons, we DENY the petition for review of the BIA judgment ordering petitioner deported but permitting his voluntary departure.