Claude JOSEPH, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States, Board of Immigration Appeals, Respondents.

No. 06–3677–ag.

United States Court of Appeals, Second Circuit.

March 20, 2007.

64

Joshua Bardavid, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, James B. Clark III, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Claude Joseph, a native and citizen of Haiti, seeks review of a July 17, 2006 order of the BIA affirming the April 22, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr terminating his status as a lawful permanent resident ("LPR") and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Claude Joseph*, No. A46 662 955 (B.I.A. July 17, 2006), *aff'g* No. A46 662 955 (Immig. Ct. N.Y. City Apr. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms the decision of the IJ, then modifies and supplements that decision, we review the IJ's decision as modified and supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Questions of law, and application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

### A. Abandonment of LPR Status

Under 8 U.S.C. § 1181(a), an immigrant must present a valid, unexpired visa and passport or other travel document in order to be admitted to the United States. If he fails to produce such documents, he is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). However, an LPR who is returning from a "temporary visit abroad," *see* 8 U.S.C. § 1101(a)(27)(A), may be readmitted without entry documents. 8 U.S.C. § 1181(b).

Substantial evidence supports the IJ's determination that the time Joseph spent in Haiti could not be considered a mere "temporary visit abroad," and that he therefore abandoned his LPR status and was inadmissible to the United States in February 2004. *See Ahmed v. Ashcroft,* 286 F.3d 611, 612–13 (2d Cir.2002) (per curiam). The relevant inquiry is whether, while he was abroad, Joseph intended to return to the United States within a relatively short period, "not whether he actually intended to abandon his status." *See id.* at 613. Given Joseph's repeated statements that he had spent most of each year since acquiring LPR status in 1998 in Haiti, owned property and a bank account in Haiti but not in the United States, and earned his living as a doctor in Haiti, the IJ reasonably found that he did not have the requisite intent to return. Although most of Joseph's family lived in the United States, he stated at the airport interview and at his November 2004 hearing that when he arrived in February 2002, he intended to "visit" them for only "one week." Accordingly, Joseph could not be considered a "returning resident," and we affirm the agency's determination that Joseph had abandoned his LPR status.

**B. *Asylum, Withholding, and CAT***

Substantial evidence likewise supports the agency's denial of Joseph's asylum application. The IJ found Joseph not credible based on major discrepancies between his testimony at his April 2005 asylum hearing and his asylum application and airport interview. Specifically, Joseph stated for the first time at his hearing that (1) he had never intended to return to Haiti; (2) he had been working as a doctor for the police force since 1993 and not 2002, as he had previously claimed; and (3) "a group" tried to kidnap him from his car in January 2004. None of Joseph's explanations for these discrepancies were such that "a reasonable fact-finder would be compelled to credit his testimony." *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003); *see also Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396–97 (2d Cir. 2005) (noting that an IJ's reliance on an airport interview is appropriate so long as sufficient indicia of reliability are present).[1] Joseph also argues that his work for the former government's police force places him at risk of future violence. However, substantial evidence supports the IJ's determination that, under the circumstances here, there is not a "reasonable possibility" that Joseph will be targeted for violence. 8 C.F.R. § 208.13.

Having failed to meet his burden of proof for asylum, Joseph necessarily failed to meet his burden of proof for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006). Likewise, he failed to demonstrate that someone in his "particular alleged circumstances" was more likely than not to be tortured. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a

---

1. Although the IJ inaccurately described one aspect of the petitioner's testimony, *compare* JA–76 (IJ stating that the petitioner "testified ... that he purchased a roundtrip ticket to come to the United States ... because it is the practice in Haiti ... if you do not belong to the place where you were going"), *with* JA–134 (petitioner testifying that "They don't sell you a one-way ticket if you don't belong to a certain political (indiscernable)"), the petitioner does not challenge this aspect of the IJ's decision and, in any event, it would not require remand because "we can confidently predict that the IJ would necessarily reach the same result absent [the] error[ ]." *Cao He Lin,* 428 F.3d at 394.

stay of removal in this petition is DE-
NIED as moot.