**FENG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3220–ag.

United States Court of Appeals,
Second Circuit.

Aug. 28, 2007.

Feng Lin, Flushing, NY, petitioner, pro se.

Peter D. Keisler, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel; Lauren Ritter, Law Clerk, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C., for respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Feng Lin, a citizen of the People's Republic of China, seeks review of a June 26, 2006 order of the BIA, affirming the December 14, 2004 decision of Immigration Judge ("IJ") Helen Sichel, denying his applications for asylum and withholding of removal. *In re Feng Lin,* No. A95 923 082 (B.I.A. June 26, 2006) *aff'g* No. A95 923 082 (Immig. Ct. N.Y. City Dec. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B);

*see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As an initial matter, the government argues that Lin failed to exhaust his argument that the agency erred in finding that he did not establish a nexus to a protected ground. However, although Lin did not make such an argument in his brief to the BIA, the BIA addressed the issue in its decision. Thus, the nexus issue is deemed exhausted. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994). Additionally, although the parties discuss Lin's eligibility for asylum, his asylum claim is not now before us as it was previously dismissed by another panel of this Court as "lack[ing] an arguable basis in law or fact." *Lin v. Gonzales*, No. 06–3220–ag (2d Cir. Nov. 2, 2006). *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir.2002) (the law of the case ordinarily "forecloses relitigation of issues expressly or impliedly decided by the appellate court"). Accordingly, we proceed to consider the agency's denial of withholding of removal.

In a claim for withholding of deportation, the applicant bears a heavier burden of proof than in an asylum claim in that he must demonstrate that his life or freedom would be in fact be threatened on account of one of the protected refugee grounds, *see* 18 U.S.C. § 1231(b)(3)(A), thus "it follows that in an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004). We review the factual findings of the IJ under the highly deferential "substantial evidence" standard. *Melgar de Torres v. Reno*, 191 F.3d 307, 312–313 (2d Cir.1999); *Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir.2002). We will "reverse [the BIA's decision] only if no reasonable factfinder could have arrived at the same conclusion." *Guan Shan Liao v. U.S.*, 293 F.3d 61, 66 (2d Cir.2002). "We consider only whether, on the evidence adduced, a reasonable adjudicator would be compelled to conclude, contrary to the IJ and BIA, that [petitioner] provided a credible account of persecution." *Zhang*, 386 F.3d at 77.

In this case we do not find such compelling evidence. Lin's petition was denied by the IJ and the BIA on the bases of (1) his lack of credibility, (2) the lack of a nexus between the reported persecution and one of the five protected grounds, and (3) his failure to demonstrate that his life or freedom would be threatened on his return. The conclusion of the IJ and BIA that petitioner's claims of arrest, detention, and beating stemmed from the authorities' desire for information about his family's whereabouts rather than his political opposition to China's family planning policy is supported by substantial evidence. Likewise, we cannot conclude that the IJ or BIA erred in finding that petitioner failed to meet the clear probability standard for withholding of removal, i.e. that persecution is more likely than not to occur. *INS v. Stevic*, 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

For the foregoing reasons, the petition for review is DENIED.