**Abdelaziz ELKIMYA, Petitioner,**

**v.**

**DEPARTMENT OF HOMELAND
SECURITY, Respondent.**

No. 05–2984–ag.

United States Court of Appeals,
Second Circuit.

Nov. 14, 2007.

Abdelaziz Elkimya, pro se.

Gail Y. Mitchell, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.[1]

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Abdelaziz Elkimya, a native of Morocco and for eighteen years a legal permanent resident of the United States, petitions for review of an October 10, 2002 BIA order adopting and affirming the February 15, 2000 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. ordering petitioner removed to Morocco. *See In re Abdelaziz Elkimya,* No. A 21 033 045 (B.I.A. Oct. 10, 2002), *aff'g* No. A 21 033 045 (Immig. Ct. Buffalo Feb. 15, 2000). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Biao Yang v. Gonzales,* 496 F.3d 268, 271 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).

Elkimya challenges the agency finding that, on his 1997 return to the United States after four years in Morocco, he did not qualify for entry as a "returning resident immigrant." As a rule, an alien seeking to enter the United States will be excluded from this country unless he presents a valid, unexpired immigrant visa and a "suitable travel document," such as a valid, unexpired passport. 8 U.S.C. §§ 1181(a), 1182(a)(7)(A)(i)(I). An exception applies for a "returning resident immigrant[ ]," 8 U.S.C. § 1181(b), *i.e.,* an alien "lawfully admitted for permanent residence, who is returning from a temporary visit abroad." 8 U.S.C. § 1101(a)(27)(A). A lawful permanent resident who returns to the United States after less than a year abroad is automatically deemed to be returning from a "temporary visit." *See* 8 C.F.R. § 211.1(a)(2). When, as in this case, a lawful permanent resident has remained abroad for a year or more, the question of whether his entry into the United States follows "a temporary visit abroad" turns on an assessment of the alien's intent. The issue is not, however, as Elkimya suggests, whether the alien intended to abandon his United States legal resident status; rather, once the government clearly establishes a change in resident status, *see Matter of Huang,* 19 I. & N. Dec. 749, 754 (BIA 1988), the critical intent determination is whether the alien intended to return to the United States "within a period relatively short, fixed by some early event" or upon "an event with a reasonable possibility of occurring within a short period of time." *Ahmed v. Ashcroft,* 286 F.3d 611, 613 (2d Cir.2002) (internal quotation marks omitted); *see also Matter of Huang,* 19 I. & N. Dec. at 753.

In resolving this intent question in favor of the government, the IJ ruled that, even if he were to credit petitioner's uncorroborated account of his father's illness—the purported rationale for Elkimya's four-year stay in Morocco—that evidence precluded a finding that, upon deciding to remain with his father, Elkimya's intent was to return to the United States within a "relatively short" time or that his return would be "fixed by some early event." We cannot conclude that a contrary finding was compelled by the record, particularly in light of the IJ's further findings that Elkimya failed to return to the United States even after receiving timely notice that doing so within one year of his departure would assure his status as a returning resident immigrant. Moreover, the IJ observed that, upon leaving the United States, Elkimya had no personal, profes-

sional or economic ties to this country. *See Ahmed v. Ashcroft,* 286 F.3d at 613; *see also Moin v. Ashcroft,* 335 F.3d 415, 420–21 (5th Cir.2003); *Singh v. Reno,* 113 F.3d 1512, 1514–15 (9th Cir.1997); *Matter of Huang,* 19 I. & N. Dec. at 753.

Elkimya nevertheless asserts that the BIA denied him due process by failing to consider new evidence that would have assuaged some of the concerns identified by the IJ. We disagree. Where the BIA "cannot properly resolve an appeal without further factfinding," an alien has no due process right to BIA review of new evidence; rather, he "must file a motion for remand" to the IJ. 8 C.F.R. § 1003.1(d)(3)(iv). Even if we were to conclude that the BIA might have liberally construed Elkimya's proffer of new evidence as a remand motion, we could not conclude that he was prejudiced because remand would have been warranted only on a showing that the new evidence was both material and previously unavailable to the petitioner, the latter of which appears not to be true in this case.

Insofar as Elkimya raises two other issues—(1) the IJ's duty to inform him of the availability of voluntary departure, and (2) the United States Embassy's duty to inform him of the availability of a returning alien visa—because these points were not raised to the BIA, their review is beyond our jurisdiction. *See* 8 U.S.C. § 1252(d)(1).

Accordingly, because Elkimya's challenge to the agency findings is without merit, the petition for review is DENIED.