18

Kaoutar TROMBATI, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General of the United States, Respondent.

No. 06–2339–ag.

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

Kaoutar Trombati, pro se (Mark T. Kenmore, Buffalo, NY, on the brief), Cheektowaga, NY, for Petitioner.

Thomas H. Dupree, Jr. (Leslie McKay, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, for Peter D. Keisler, Assistant Attorney General, and Linda S. Wernery, Assistant Director, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Kaoutar Trombati ("Trombati"), a native and citizen of Morocco, seeks review of an April 20, 2006 order of the BIA affirming and supplementing the November 5, 2004 decision of Immigration Judge ("IJ") Michael Rocco, which ordered her removed from the United States as an immigrant who, at the time of her application for admission, did not possess a valid border crossing identification card or other valid entry document, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *In   re   Kaoutar*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

*Trombati,* No. A46 426 009 (B.I.A. Apr. 20, 2006), *aff'g* No. A46 426 009 (Immig. Ct. Buffalo Nov. 5, 2004).[2] We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the IJ's decision and supplements it, this Court reviews the IJ's decision as supplemented by the BIA. *Niang v. Mukasey,* 511 F.3d 138, 145 (2d Cir.2007). The determination that an alien has abandoned her status as a permanent resident is fact-specific and reviewed under the substantial evidence standard. *See Ahmed v. Ashcroft,* 286 F.3d 611, 612 (2d Cir.2002) (per curiam). We treat the agency's factual finding as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Generally, in order to gain admission into the United States, an immigrant must present a valid, unexpired immigrant visa and passport or other suitable travel document. *Id.* § 1181(a). While a person who fails to produce such entry documents is usually inadmissible, *id.* § 1182(a)(7)(A)(i)(I), an exception exists for an immigrant who qualifies as a "returning resident," *id.* § 1181(b). A "returning resident" is a lawful permanent resident "returning from a temporary visit abroad," *id.* § 1101(a)(27)(A), which this Court has established is a visit made with "the intention of the departing immigrant . . . to return within a period relatively short, fixed by some early event." *Ahmed,* 286 F.3d at 613 (internal quotation marks omitted).

Substantial evidence supports the BIA's determination that Trombati abandoned her status as a lawful permanent resident. Trombati left the United States shortly after receiving this status in 1999 and spent the following four years living in Morocco and Canada. She testified that she intended to return to the United States only when her common law husband's investments made it possible for him to obtain a visa to live in Canada. In light of Trombati's testimony that her husband failed to take any affirmative steps to secure a Canadian visa, her return to the United States was contingent on an event—her husband's obtaining a Canadian visa—that "was not likely to occur within a reasonably short period of time." *Id.* The record provides additional evidence supporting the conclusion that she did not intend to return to the United States within a short period of time. Trombati lived in an apartment in Canada with a one-year lease, obtained Canadian passports for her children, and did not have any property, business, financial, or family ties to the United States. The fact that Trombati entered the United States for a few hours by driving across the Canadian border in 2000 does not alter this conclusion. Her brief trip may demonstrate that she intended to retain her status as a lawful permanent resident, but it does not show that she intended to return to the United States "within a period relatively short, fixed by some early event." *Id.* (internal quotation marks omitted).

While Trombati contends that her husband's abuse was a cause for her long absence from the United States, she testified only to one instance of abuse that took place approximately three and a half years after she first left this country in 1999.

---

**2.** The petitions of Trombati's three minor children are contingent upon the disposition of this appeal. *In re Fahad Al Olayan,* No. A97 913 536 (B.I.A. Apr. 20, 2006), *aff'g* No. A97 913 536 (Immig. Ct. Buffalo Nov. 5, 2004); *In re Sarah Al Olayan,* No. A97 913 537 (B.I.A. Apr. 20, 2006), *aff'g* No. A97 913 537 (Immig. Ct. Buffalo Nov. 5, 2004); *In re Soultan Al Olayan,* No. A97 913 538 (B.I.A. Apr. 20, 2006), *aff'g* No. A97 913 538 (Immig. Ct. Buffalo Nov. 5, 2004).

We find this claim and Trombati's other arguments to be without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.