08-5054-ag
Shah v. Holder

BIA
Burr, IJ
A095 959 882

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> REENA RAGGI,
> > Circuit Judges.

_____

SAYED ABDULLAH SHAH,
> Petitioner,

v.                                              08-5054-ag
                                                NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> Respondent.

_____

FOR PETITIONER:        Khaghendra Gharti-Chhetry; Chhetry & Associates, P.C., New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Annette M. Wietecha, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Sayed Abdullah Shah, a native and citizen of Pakistan, seeks review of a September 16, 2008 order of the BIA, affirming the May 17, 2006 decision of Immigration Judge Sarah Burr, denying his application for relief under the Convention Against Torture ("CAT"). *In re Sayed Abdullah Shah*, No. A095 959 882 (B.I.A. Sept. 16, 2008), *aff'g* No. A095 959 882 (Immig. Ct. N.Y. City May 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence

2

standard.  8 U.S.C. § 1252(b)(4)(B); *see, e.g.*, *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  Questions of law and the application of law to undisputed fact are reviewed *de novo*.  *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in determining that Shah was not eligible for CAT relief.  *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (citing *Gill v. INS,* 420 F.3d 82, 86 (2d Cir. 2005)).  The agency's regulations define torture, in pertinent part, "as any act by which severe pain or suffering is inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1).  This Court has held that "'[a]cquiescence' does not require official 'consent or approval'; it 'requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.'" *Delgado v. Mukasey*, 508 F.3d 702, 708 (2d Cir. 2007) (quoting *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004)).  Here, Shah based his CAT claim on a fear of torture at the hands of individuals to whom he owed a business debt.  He asserted that when he

3

received a death threat from his creditors, he told the police and that they told him they could not assist him. Shah further claimed that when he was kidnapped and beaten by some of his creditors, and reported the incident to police, he was left with the impression that they could not help him, despite their statement that they would search for his assailants. Although Shah claimed that some of the assailants called themselves policemen, he offered little in the way of evidentiary support for the truth of that assertion. The record also shows that Shah has access to funds and has not shown an inability to pay the debts that he claims are the basis for his fear of mistreatment. Under such circumstances, we will not disturb the agency's finding that Shah failed to demonstrate a likelihood that he would be tortured with the acquiescence of government officials. *See Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002) ("To reverse under the substantial evidence standard, we must find that the evidence not only supports that conclusion, but compels it.") (internal quotation marks omitted) (emphasis in original).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____