Dang v. Holder

BIA
Nelson, I.J.
A073 162 411

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
>        RICHARD C. WESLEY,
>        RAYMOND J. LOHIER, JR.,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

ZHIAN DANG, AKA ZHIAN WANG,
>        *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

10-4949-ag

NAC

_____

FOR PETITIONER:        Zhian Dang, *pro se*, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director, Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhian Dang, a native and citizen of China, seeks review of a November 17, 2010, decision of the BIA affirming the November 4, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, finding that Dang was incredible and denying his application for asylum and withholding of removal. *In re Zhian Dang*, No. A073 162 411 (B.I.A. Nov. 17, 2010), *aff'g*, No. A073 162 411 (Immig. Ct. N.Y. City Nov. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding that Dang was incredible, the agency reasonably relied on his failure to include his wife's sterilization in his asylum application. Although Dang

2

contends that the sterilization was omitted from the application because it was prepared by a "travel agency," he also failed to mention the sterilization in his interview with an asylum officer.

Moreover, as his application was based on persecution under China's family planning policies – namely threats of intra-uterine device implantation and sterilization – the omission of his wife's sterilization was substantial and bore a legitimate nexus to his claim. *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453-54 (2d Cir. 2006) (finding agency properly based adverse credibility determination on applicant's failure to mention his wife's forced sterilization in his asylum application, given that his "claim for asylum was based on his failure to comply with China's family-planning program"). While Dang has presented evidence that his wife was sterilized, this evidence does not indicate when his wife was sterilized, or whether it was an involuntary procedure, and does not compel the conclusion that the credibility finding must be reversed. *See Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002).

Furthermore, even if Dang's testimony were considered to be credible, the agency reasonably found, in the

3

alternative, that he did not meet his burden of demonstrating past persecution or a well-founded fear of future persecution. The sterilization of Dang's wife does not constitute *per se* persecution with respect to Dang. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308-09 (2d Cir. 2007). He was therefore required to demonstrate "other resistance" to the family planning policies, and persecution as a result of this resistance, or a well-founded fear that he will be subject to persecution due to his resistance. *Id.* at 309-10, 313 (quoting 8 U.S.C. § 1101(a)(42)).

Even assuming that Dang's efforts to hide from family planning authorities constitutes "other resistance," the agency reasonably found that he did not suffer harm rising to the level of persecution on account of this resistance. Dang testified that he was required to pay a fine for violating the family planning policies, but did not allege that he was arrested, physically harmed or otherwise mistreated by the authorities. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In his brief, Dang does not argue that the fine constituted persecution, and he has therefore waived this argument.

4

Further, Dang has failed to demonstrate a well-founded fear of future persecution, as he has identified no basis for his belief that he will be persecuted if he returns to China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Accordingly, the agency did not err in finding that Dang failed to meet his burden in establishing past persecution or a well-founded fear of persecution, or in rejecting his claim for withholding of removal based on the same factual predicate. *See Shi Liang Lin*, 494 F.3d at 313; *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5