Thieng v. Lynch

BIA
Straus, I.J.
A093 338 408

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fifteen.

PRESENT:
JOHN M. WALKER, JR.,
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

RAJ BAHADUR THIENG,
*Petitioner,*

v.                                          11-5202
                                            NAC
LORETTA E. LYNCH,[1] UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Don G. Scroggin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Raj Bahadur Thieng, a native and citizen of Nepal, seeks review of a November 23, 2011 decision of the BIA affirming the April 15, 2010 decision of Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Raj Bahadur Thieng*, No. A093 338 408 (B.I.A. November 23, 2011), *aff'g* No. A093 338 408 (Immig. Ct. Hartford Apr. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

The agency reasonably concluded that the mistreatment Thieng experienced in Nepal did not rise to the level of persecution. The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Although the visit by Youth Communists League ("YCL") members to Thieng's cyber café likely interrupted his business and disturbed him, this incident does not rise above "mere harassment," and, thus, does not constitute persecution. *Ivanishvili*, 433 F.3d at 341; *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted). Further, although Thieng testified that he received threatening phone calls, unfulfilled threats do not constitute persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006).

3

However, substantial evidence does not support the agency's conclusion that Thieng failed to demonstrate that he was targeted by the YCL on account of his political opinion. Although Thieng testified that, as a member of the Nepali Congress, he had participated mostly in non-political social and community assistance activities, he also offered testimony that the Maoists targeted him because he had declined to pay them money, or to support them. Further, in his decision, the IJ incorrectly stated that Thieng did not discuss politics with the YCL members who came to his café in March 2007, as the record contains evidence that Thieng and the YCL members did engage in a political discussion at his café. Given that this evidence reflects a direct link between Thieng's decision not to support the Maoists and the threatening phone calls, it compels the conclusion that Thieng was subject to mistreatment on the basis of an actual or imputed political opinion. *See Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002). Despite this error, because the mistreatment experienced by Thieng in Nepal did not rise to the level of persecution, the agency reasonably concluded that Thieng failed to demonstrate past persecution.

However, we grant Theing's petition for review with respect to his challenge to the agency's denial of his asylum and withholding of removal claims. The IJ relied on the erroneous conclusion that the YCL did not target Thieng on account of a protected ground to determine that he lacked a well-founded fear of future persecution but explicitly stated that "there is probably enough evidence to show that [Thieng] has a well-founded fear" of future persecution. A.R. 38. In these circumstances we cannot state with confidence that the agency would have made the same decision in the absence of the error. See *Xiao Ji Chen v. U.S Dep't of Justice*, 434 F.3d 144, 159 (2d Cir. 2006); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401–02 (2d Cir. 2005). Thus, we remand for the agency to determine whether that probability of harm is sufficient to make Thieng eligible for asylum or withholding of removal. However, given the IJ's separate finding that Thieng failed to produce sufficient evidence to support the requisite likelihood that he would be subject to torture upon return to Nepal, we decline to remand Thieng's CAT claim.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order.

5

As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk