Salazar Matute v. Lynch

BIA
Straus, IJ
A205 306 801

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

LOURDES GERMANIA SALAZAR MATUTE,
> *Petitioner,*

v.                                                14-2455
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, Glenn L. Formica, Formica Williams, P.C., New Haven, Connecticut.

FOR RESPONDENT:                Benjamin C. Mizer, Principal
                               Deputy Assistant Attorney
                               General; Terri J. Scadron,
                               Assistant Director; Colin J.
                               Tucker, Trial Attorney,
                               United States Department of
                               Justice, Civil Division, Office of
                               Immigration Litigation,
                               Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lourdes Germania Salazar Matute, a native and citizen of Ecuador, seeks review of a June 13, 2014, decision of the BIA affirming an October 10, 2012, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *See In re Lourdes Germania Salazar Matute*, No. A205 306 801 (B.I.A. June 13, 2014), *aff'g* No. A205 306 801 (Immig. Ct. Hartford Oct. 10, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Salazar Matute applied for asylum, withholding of removal, and CAT relief because she and her sister had been the victims of an attempted kidnapping, and after the attempted kidnapping, one man repeatedly followed and harassed Salazar Matute. She contends that she is eligible for asylum and withholding of removal based on her family membership and her membership in the purported particular social group of "young, passive Ecuadorian women who reside without their parents."

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable . . . and that the alleged persecutors targeted the applicant 'on account of' her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195

3

(2d Cir. 2014) (internal citations omitted). Kinship ties or membership in a family "may form a cognizable shared characteristic for a particular social group." *Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007). However, even assuming that Salazar Matute's two claimed social groups, family membership and "young, passive Ecuadorian women who are abandoned by their parents," are cognizable, she has not shown that the harm she suffered was on account of her membership in either group.

With regard to family membership, Salazar Matute presented no evidence that either the attempted kidnapping or her ongoing harassment had anything to do with her family. While she and her sister were both subject to the same kidnapping attempt, only Salazar Matute suffered continued harassment, although she lived with her sister at that time. Likewise, nothing in the record suggests that, during the multiple instances of harassment, the harasser ever referenced Salazar Matute's family, and when Salazar Matute confronted her harasser and demanded an explanation, his response was to "insist[] that he wanted to be with [Salazar Matute]." J.A. 180. Further, Salazar Matute's two sisters and her grandparents continue to

4

live in the same town in Ecuador and have not had any problems, suggesting that Salazar Matute's harassment was not tied to her family membership.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Similarly, Salazar Matute presented no evidence that the attempted kidnapping or ongoing harassment occurred because she was a young, passive Ecuadorian woman who resided without her parents.  She did not identify any motive for the perpetrators' actions, much less suggest that they were motivated to harm her because she was a young passive woman without parents in Ecuador.  *See Paloka*, 762 F.3d at 198.  And although she testified that other women were harassed and followed by men on the street, she did not provide details or offer any evidence to show that these women were also young, passive, and without parents in Ecuador.  *See Melgar de Torres*, 191 F.3d at 314 ("[P]ersecution must be on account of an enumerated ground . . . and general crime conditions are not a stated ground.").

We also reject Salazar Matute's argument that she is eligible for CAT relief because she will be tortured and the Ecuadorian government is "unwilling and unable to adequately protect her."  Pet'r Br. 32. As the Immigration Judge and the

5

BIA found, Salazar Matute's own testimony belies that contention: she stated that she complained to the police several times that she was being followed and they came to her aid, chasing her harasser away. While the police did not catch the perpetrator, they did not ignore Salazar Matute's calls or allow her to be harmed. *Cf. Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("In terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."). Additionally, the 2011 U.S. State Department report, part of the record below, supports the agency's conclusion: it reflects that the Ecuadorian government prosecutes perpetrators of crimes against women and has initiated programs to address gender violence. Accordingly, we conclude that the BIA's decision was supported by substantial evidence. *See Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002) ("To reverse under the substantial evidence standard, we must find that the evidence not only *supports* that conclusion, but *compels* it.") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7