09-2138-ag
Lin v. Holder

BIA
Weisel, IJ
A093 389 927

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand nine.

PRESENT:
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
              <u>Circuit Judges</u>.

_____

NING LIN,
        <u>Petitioner</u>,

        v.                                    09-2138-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        <u>Respondent</u>.

_____

FOR PETITIONER:        Yu Zhang, Law Office of Fuhao Yang,
                       PLLC, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ning Lin, a native and citizen of the People's Republic of China, seeks review of an April 23, 2009 order of the BIA affirming the March 26, 2008 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ning Lin*, No. A093 389 927 (B.I.A. Apr. 23, 2009), *aff'g* No. A093 389 927 (Immig. Ct. N.Y. City Mar. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. 8 U.S.C.

2

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Substantial evidence supports the IJ's adverse credibility determination.  In finding Lin not credible, the IJ found that he testified inconsistently regarding: (1) his wife's symptoms when she discovered her pregnancy in July 2005; (2) whether his wife was sterilized; and (3) how many months pregnant his wife was in October 2005 when she was allegedly forced to undergo an abortion.  Lin does not challenge the first of these findings.  Nor does he challenge the finding that he was not responsive "during several portions of [his] testimony."  Accordingly, these findings stand as valid bases for the IJ's adverse credibility determination.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147-48 (2d Cir. 2008).

Lin argues that the IJ misconstrued the record regarding his testimony about his wife's sterilization. Having previously testified that his wife was forcibly sterilized, Lin later testified that his wife had an IUD inserted.  When the government's attorney asked, "So she was not sterilized, is that your answer?," Lin replied, "No." Lin argues that he was responding to the question, "is that your answer," and not confirming the government's assertion,

3

"so she was not sterilized." Although a reasonable adjudicator could have reached that conclusion, we do not find that any reasonable factfinder would have been *compelled* to reach a conclusion contrary to that of the IJ. *See Siewe v. Gonzales,* 480 F.3d 160, 167-68 (2d Cir. 2007); *see also Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002). Additionally, to the extent Lin argues that he was confused by the line of questioning regarding how many months pregnant his wife was when she allegedly had an abortion, this argument is belied by the record. Indeed, after Lin gave multiple inconsistent answers in response to the same question, the IJ asked whether Lin understood the question, and he responded that he did. Given that the IJ provided Lin an opportunity to explain his answers, it was not improper for the IJ to rely on his inconsistent responses. *See Zhi Wei Pang v. BCIS*, 448 F.3d 102, 109-10 (2d Cir. 2006); *Ming Shi Xue v. BIA*, 439 F.3d 111, 124 (2d Cir. 2006).

Finally, despite Lin's argument that the "BIA erroneously affirmed the IJ's adverse credibility finding based on several minor inconsistencies," under the REAL ID Act, which applies to Lin's application for relief, "an IJ may rely on *any* inconsistency or omission in making an

4

adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). Given Lin's inconsistent testimony, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, the IJ properly denied his applications for asylum, withholding of removal, and CAT relief because the only evidence that Lin would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk