11-905-ag
Diallo v. Holder

BIA
Nelson, IJ
A094 813 513

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:
>JOSÉ A. CABRANES,
>ROBERT A. KATZMANN,
>DENNY CHIN,
>>*Circuit Judges.*

_____

ABDOUL GADIRI DIALLO,
>*Petitioner,*

>v.                                         11-905-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Bibiana C. Andrade, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Derek C. Julius, Senior Litigation Director; Theo Nickerson, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdoul Gadiri Diallo, a native and citizen of Guinea, seeks review of a February 18, 2011, order of the BIA, affirming an April 1, 2009, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdoul Gadiri Diallo*, No. A094 813 513 (B.I.A. Feb. 18, 2011), *aff'g* No. A094 813 513 (Immig. Ct. N.Y. City Apr. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions, including the portions of the IJ's decision not expressly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562

F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). We defer to an IJ's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Diallo not credible, the agency reasonably relied on inconsistencies in the record regarding his position in the student council. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Matter of J-Y-C-*, 24 I. & N. Dec. at 265. Diallo attempted to explain the conflict between his testimony that he was the general secretary and his application indicating that he was arrested with the general secretary by arguing that the

3

preparer of the application may have made a mistake. The agency was entitled, however, to disregard this explanation because, upon review of the record, it would not necessarily be compelling to a reasonable fact-finder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on inconsistencies in the record regarding where Diallo received medical treatment in finding him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the agency noted, Diallo initially testified that his uncle secured his release so that he could be treated at the hospital, later testified that he received treatment at home, and yet later testified that he registered at Wichita State "after [he] got out of the hospital." Notwithstanding Diallo's argument to the contrary, these inconsistencies were a proper basis for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. at 260.

Similarly, the agency reasonably relied on omissions in Diallo's uncle's letter in finding him not credible. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Diallo testified that his uncle was fired from his government job, imprisoned, and had

4

his property destroyed in retaliation for helping Diallo flee Guinea; however, Diallo's uncle's letter fails to mention any of these events. Although Diallo argues that he should not be faulted for his uncle's mistake, the agency was entitled to rely on this omission in finding him not credible. *See Xiu Xia Lin*, 534 F.3d at 166 n.3; *see Majidi*, 430 F.3d at 80-81. Having found Diallo not credible, the agency reasonably noted that his failure to provide corroborative evidence further undermined his credibility, especially given Diallo's concession that medical records were available. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

In addition, the agency did not err in finding that Diallo failed to establish a well-founded fear of persecution based on his Union for Progress and Renewal ("UPR") activities in the United States. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). While Diallo contends that the IJ erred by discrediting his UPR membership card due to a lack of foundation, the weight afforded to documentary evidence is generally a matter of agency discretion. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see In re C-Y-Z-*, 21 I. & N. Dec. 915, 920 (B.I.A. 1997). Given that Diallo failed to

5

offer any other evidence of his UPR membership, the agency did not err in its decision to give diminished evidentiary weight to his UPR membership card. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

Similarly, the agency's finding that Diallo failed to show a nexus between the persecution he feared on account of his UPR membership and a protected ground is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). As the agency noted, Diallo's testimony indicated that he may not have had any political motive in joining the UPR. Under such circumstances, the agency's finding that Diallo failed to show a nexus between his alleged fear of persecution and his UPR membership, is supported by substantial evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 166-68 (2d Cir. 2007); *Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002).

In light of the agency's adverse credibility and burden findings, it did not err in denying Diallo's applications for relief. *See Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that the agency need not separately analyze a withholding of removal claim based on the same facts as an applicant's asylum claim); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (same, with respect to CAT).

6

We decline to consider Diallo's argument that the agency erred by refusing to admit some evidence of country conditions, as it was not raised before the agency.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7