**Chandrika Jayalalani PERERA,
Petitioner,**

**v.**

**Alberto R. GONZALES,**[1] **Respondent.**

No. 04–0235–ag.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2007.

Chandrika Jayalalani Perera, Staten Island, NY, pro se.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chandrika Jayalalani Perera, a native and citizen of Sri Lanka, seeks review of a December 18, 2003 order of the Board of Immigration Appeals, affirming the March 11, 2003 decision of Immigration Judge ("IJ") Robert D. Weisel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Chandrika Jayalalani Perera,* No. A95 864 132 (B.I.A. Dec. 18, 2003), *aff'g* No. A95 864 132 (Immig. Ct. N.Y. City Mar. 11, 2003). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

▇ In addition to providing testimony and supporting documentary evidence that is otherwise unimpeached, Perera submitted a December 10, 2001 letter purporting to have been written by her doctor (Fernando) and corroborating the injuries she testified to have suffered in the course of rape. **[JA 159–60].** The IJ found that this letter is inauthentic. That finding is supported by substantial evidence: the doctor was dead on the date of the letter.

▇ The IJ relied on the inauthenticity to discredit the rest of Perera's evidence. However, the IJ failed to consider whether the letter is "documentary evidence that the alien does not know, and has no reason to know, is inauthentic." *Siewe v. Gonzales,* 480 F.3d 160, 171 (2d Cir.2007).[2] That is a question to which the answer is not obvious. Accordingly, we remand to the agency for a determination of whether Perera knew or or should have known of the fraudulent nature of Dr. Fernando's letter.

We have considered Perera's remaining arguments and deem them to be without merit.

2. Perera's father sent her the letter at some point prior to November 25, 2001, but it is not clear when Perera actually received it. **[JA 115].** The letter itself was collected by a family friend, Costa, who gave it to Perera's

For the foregoing reasons, the petition for review is **GRANTED,** the BIA's order is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this order.

**Tofail Ahmed CHOWDHURY,
Petitioner,**

**v.**

father. **[JA 373–74].** Perera testified that when she did receive the letter, she "did not pay attention to the date," but that she "read through" it, and "paid attention to the content." **[JA 116].**