Perera v. Holder

BIA
Weisel, I.J.
A095 864 132

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

CHANDRIKA JAYALALANE PERERA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

11-995-ag

NAC

FOR PETITIONER: Chandrika Jayalalane Perera, *pro se*, Staten Island, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Leslie McKay, Assistant Director, Jane T. Schaffner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chandrika Jayalalane Perera, a native and citizen of Sri Lanka, seeks review of a February 25, 2011, decision of the BIA affirming the November 20, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, finding that Perera was incredible and denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Chandrika Jayalalane Perera*, No. A095 864 132 (B.I.A. Feb. 25, 2011), *aff'g*, No. A095 864 132 (Immig. Ct. N.Y. City Nov. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Substantial evidence supports the agency's finding, following this Court's remand in 2007, that Perera knew or should have known that the doctor's letter she submitted in support of her application was inauthentic. *See Perera v. Gonzales*, 244 F. App'x 392, 394 (2d Cir. 2007) (Summary Order). At the 2008 hearing, Perera testified that she learned the document was inauthentic in February 2003, one month before the merits hearing in March 2003. As she has conceded that she knew that the letter was inauthentic before the merits hearing, and yet continued to rely on the letter as evidence of her claim, the adverse credibility determination is well-supported. *See Siewe v. Gonzales*, 480 F.3d 160, 170-71 (2d Cir. 2007) (finding that adverse credibility determination may be based on submission of false documents the alien knows, or has reason to know, are false).

Further, substantial evidence supports the IJ's finding that Perera should have known that the letter was inauthentic when she received it, because she testified that her father told her that he mailed the letter in November 2001 and the letter was dated December 2001. Although Perera has contended that she did not look at the date of

the letter, this explanation does not compel the conclusion that the credibility finding must be reversed. *See Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002) ("To reverse under the substantial evidence standard, we must find that the evidence not only supports that conclusion, but compels it") (internal quotation marks, citation, and emphasis omitted).

Moreover, although the submission of false evidence that is "wholly ancillary to the alien's claim may, in some circumstances, be insufficient by itself to warrant a conclusion that the entirety of the alien's uncorroborated material evidence is also false," *Siewe*, 480 F.3d at 170, the doctor's evidence was central to Perera's claim for relief, as it purported to corroborate her testimony that she was raped by government officials. Thus, the adverse credibility determination was supported by substantial evidence, and the agency did not err in denying asylum, withholding of removal, and CAT relief, as those claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5