15-2043 (L); 15-4071 (Con)
Zhao v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*.

-----------------------------------------------------------------------

FENG BING ZHAO,

*Petitioner*,

v.

Nos. 15-2043 (L),
15-4071 (Con)

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

-----------------------------------------------------------------------

FOR APPELLANT: Satnam Singh, Esq., Satnam Singh, P.C., Norfolk, Virginia.

FOR APPELLEE: Colin J. Tucker, Trial Attorney; Anthony W. Norwood, Senior Litigation Counsel; Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Feng Bing Zhao, a native of China and citizen of Canada, petitions for review of a June 16, 2015 decision of the BIA affirming the November 1, 2013 decision of an Immigration Judge ("IJ") ordering him removed, and a December 2, 2015 BIA decision denying reconsideration. In re Feng Bing Zhao, No. A047 550 078 (BIA June 16, 2015), aff'g No. A047 550 078 (Immig. Ct. Buffalo Nov. 1, 2013); In re Feng Bing Zhao, No. A047 550 078 (BIA Dec. 2, 2015). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny Zhao's petitions for review.

1.    Initial Petition (No. 15-2043)

Under the circumstances of this case, we review both the BIA's and IJ's decisions "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal determinations de novo and its factual findings for substantial evidence, accepting the latter unless a reasonable adjudicator would be compelled to reach a contrary conclusion. See 8 U.S.C. § 1252(b)(4)(B); Jian Qiu Liu v. Holder, 632 F.3d 820, 821 (2d Cir. 2011).

a.    Sufficiency of Notice to Appear

Zhao challenges the sufficiency of his Notice to Appear on the grounds that it did not include an explicit charge that he had abandoned his lawful permanent resident ("LPR") status. The argument fails because his Notice to Appear specified, as required,

2

the charges against him, the statutory provisions alleged to have been violated, and the "acts or conduct alleged to be in violation of law." See 8 U.S.C. § 1229(a)(1)(C)–(D); 8 C.F.R. § 1003.15(b)(3)–(4).

Zhao's Notice to Appear charged that he was an arriving alien subject to removal under Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document . . . ." C.A.R. 618. Although immigrants must generally present a valid entry document, "returning resident immigrants . . . who are otherwise admissible may be readmitted to the United States by the Attorney General in his discretion without being required to obtain . . . [an] immigrant visa, reentry permit or other documentation." 8 U.S.C. § 1181(b); Ahmed v. Ashcroft, 286 F.3d 611, 612–13 (2d Cir. 2002). Thus, the Notice to Appear was legally sufficient because it specified the acts or conduct alleged to be in violation of law, i.e., that Zhao was an arriving alien seeking admission without a valid entry document, and the relevant statutory section. See, e.g., Matadin v. Mukasey, 546 F.3d 85, 88 (2d Cir. 2008) (charging immigrant with violation of § 212(a)(7)(A)(i)(I) where Department of Homeland Security determined that she had abandoned LPR status). Had Zhao not been charged as an arriving alien, he would have been eligible for admission without a valid entry document under 8 U.S.C. § 1181(b).

Even if we were to identify any defect in the Notice to Appear, any ambiguity as to the charge was clarified at Zhao's May 2012 removal hearing when the government stated that Zhao's removability was premised on abandonment. Indeed, prior to his July

3

2013 hearing, Zhao submitted evidence to refute the abandonment charge. See Spinelli v. City of New York, 579 F.3d 160, 169 (2d Cir. 2009) ("The touchstone of due process, of course, is 'the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" (quoting Mathews v. Eldridge, 424 U.S. 319, 348–49 (1976))). At the July 2013 hearing, Zhao received repeated clarification that the charge was premised on abandonment, and, thereafter, the government also provided Zhao written clarification that his removability was premised on abandonment. As a result, Zhao's notice claim fails.

b.      Abandonment of LPR Status

As stated above, an immigrant who fails to produce valid entry documents is inadmissible unless he qualifies as a "returning resident." 8 U.S.C. § 1181(b); see also id. § 1101(a)(27)(A). A returning resident is a lawful permanent resident "returning from a temporary visit abroad." 8 U.S.C. § 1101(a)(27)(A); see also id. § 1181(b). "The determinative issue here is whether the [multiyear] period during which [Zhao] lived and worked in [Canada] after receiving lawful permanent resident status in the United States qualifies as a 'temporary visit abroad.'" Ahmed v. Ashcroft, 286 F.3d at 612–13. A "temporary visit abroad requires that the intention of the departing immigrant must be to return within a period relatively short, fixed by some early event." Id. at 613 (internal quotation marks omitted). The agency's determination that an individual has departed the United States without the requisite intention to return is a factual determination reviewed for substantial evidence. See id. at 612–13.

4

Substantial evidence supports the agency's factual determination that Zhao had departed the United States without the requisite intent to return. That determination was based on, first, Zhao becoming a Canadian citizen in 2004, four years after arriving in the United States as an LPR. The government offered uncontroverted evidence that an individual must reside in Canada for at least three of the four preceding years to be granted citizenship. Further supporting the agency's intent finding was evidence that Zhao petitioned for his first wife to immigrate to Canada in 2006 and for his second wife to immigrate there in 2011 and in 2013. In addition, he made no efforts to help either woman immigrate to the United States prior to his removal proceedings. Evidence also showed that Zhao obtained a Canadian driver's license in 2011, and told border patrol in November 2011 that he had moved to Canada in 2008 or 2009 for "a different environment," C.A.R. 568, and had been living in Toronto for the past two years working for a construction company. He also testified at his July 2013 hearing that he had moved to Canada in April 2010 to learn how to do construction work.

Zhao's proffered evidence does not compel a contrary finding as to Zhao's intent. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 342 (2d Cir. 2006) (observing that weight afforded to evidence in immigration proceedings is largely within agency's discretion). The agency reasonably concluded that Zhao's bank statements were entitled to minimal weight because they mainly listed only automated bill payments and direct deposits. While Zhao provided utility bills for his Virginia home, he also testified that his mother and brother co-owned that home. Similarly, while Zhao provided business

5

licenses for his restaurant in Virginia, he testified that his mother ran the restaurant while he was living in Canada.

The agency's finding that Zhao had departed the United States without an intention to return within a relatively short period is thus supported by substantial evidence, and it cannot be said that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Ahmed v. Ashcroft, 286 F.3d at 612–13. Because the agency properly found Zhao removable under INA § 212(a)(7)(A)(i)(I), we decline to consider his challenges to the determination that he was also removable under INA § 212(a)(6)(C)(i) (rendering inadmissible any alien who, by fraud or willful misrepresentation of material fact, seeks to procure admission into United States).

c.      Due Process Claims

Zhao argues that his due process rights were violated by agency consideration of a border interview conducted without affording Zhao an interpreter. He further raises a due process challenge to the lack of an interpreter during the testimony of the border patrol officer at his removal hearing. See Zerrei v. Gonzales, 471 F.3d 342, 346 (2d Cir. 2006) ("The Federal Rules of Evidence do not apply in removal proceedings; rather, evidence is admissible provided that it does not violate the alien's right to due process of law." (alteration and internal quotation marks omitted)). Due process is satisfied if admitted evidence "is probative and its use is fundamentally fair, fairness in this context being closely related to the reliability and trustworthiness of the evidence." Id. (internal quotation marks omitted). "Parties claiming denial of due process in immigration cases

6

must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

Zhao has failed to indicate how he was prejudiced by the alleged violations of due process. He neither claims that he was unable to understand the border patrol officer's questions, nor explains how his counsel's cross-examination of the officer would have been different had an interpreter been present. Moreover, the IJ found Zhao's claimed inability to understand English not credible, a finding that Zhao does not challenge with any specificity. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165–66 (2d Cir. 2008) (observing that particular deference afforded to IJ's credibility determination). Finally, Zhao's own testimony largely corroborates the officer's testimony and report regarding his statements at the border: Zhao admitted that he attempted to enter the United States with his Canadian passport and that he initially denied having been previously admitted as an LPR. As a result, Zhao's due process challenges fail.

2.    Consolidated Petition (No. 15-4071)

A motion to reconsider asks the Board to reexamine its decision in light of "additional legal arguments, a change of law, or . . . [an] aspect of the case which was overlooked." Matter of Cerna, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991) (internal quotation marks omitted). We review the denial of a motion to reconsider for abuse of discretion. Zhao Quan Chen v. Gonzales, 492 F.3d 153, 154 (2d Cir. 2007).

Zhao argues that the BIA erred in denying reconsideration because its June 2015 decision is contrary to its published decision issued that same day, Matter of Pena, 26 I.

7

& N. Dec. 613 (BIA 2015). The BIA correctly determined, however, that <u>Matter of Pena</u> did not support Zhao's legal challenge to his Notice to Appear for failure to charge abandonment of his LPR status. <u>Matter of Pena</u> held only that an individual granted LPR status cannot be charged in removal proceedings under INA § 212(a) as an arriving alien seeking admission if he does not fall within any of the exceptions listed in INA § 101(a)(13)(C), a list that includes abandonment. <u>See</u> 26 I. & N. Dec. at 615; 8 U.S.C. § 1101(a)(13)(C)(i). <u>Matter of Pena</u> is thus not applicable to Zhao who, as already discussed, was properly charged as an arriving alien.

The remainder of Zhao's motion reasserted arguments rejected by the BIA on appeal, and "the BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." <u>Jin Ming Liu v. Gonzales</u>, 439 F.3d 109, 111 (2d Cir. 2006).

3.    <u>Conclusion</u>

We have considered Zhao's other arguments and conclude that they are without merit. Accordingly, the consolidated petitions for review are DENIED. As we have completed our review, any previously granted stay of removal in these petitions is VACATED, and any pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8