Lin v. Sessions

BIA
Vomacka, IJ
A076 280 193

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

PRESENT:
REENA RAGGI,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

JIANG LIN,
*Petitioner,*

v.                                                    15-376
                                                      NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
*Respondent.**

_____

FOR PETITIONER:            Chun W. Wong, New York, N.Y.

_____

* The Clerk of Court is directed to amend the caption as set forth above.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Lin, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of asylum based on Lin knowingly filing a frivolous application. *In re Jiang Lin,* No. A076 280 193 (B.I.A. Jan. 21, 2015), *aff'g* No. A076 280 193 (Immig. Ct. N.Y.C. Aug. 21, 2013). We have reviewed the decisions of both the IJ and BIA "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is

2

subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see* 8 U.S.C. § 1158(d)(6). "Given the serious consequences of a frivolousness finding, the [governing] regulation provides a number of procedural safeguards[, including] . . . (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007) (discussing 8 C.F.R. § 1208.20).

The record belies Lin's assertion that the agency failed to comply with these procedures. Lin received notice of the consequences of filing a frivolous application on multiple occasions, first, orally from the IJ after Lin first expressed a desire to apply for asylum, and second, in writing on the very application form Lin filed. The knowing falsity of Lin's

3

application is evident from his affidavit, which admits that his claim was "made up" and that he "knew this" before filing his application. C.A.R. 737. The record also shows that Lin himself obtained some of the false documents proffered to support his initial application. Lin had sufficient opportunity to account for his application's contents; the agency merely rejected his explanation and concluded that he was not deceived into thinking that he was filing a correct application by his first attorney.

Lin nevertheless maintains that he lacked the mental capacity to receive notice because he was a minor under the influence of an unscrupulous attorney. Lin cites no authority supporting the proposition that a minor categorically lacks the legal capacity to receive notice. Moreover, the agency's finding that Lin knew he was filing a false application and was aware of the consequences of doing so is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). Lin was 17 years' old when he signed the application under oath in court with the aid of an interpreter. He was 18 when he proffered his affidavit. Nothing in the record suggests that Lin did not understand the warnings he received or what he was signing. *See id.; Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002) ("To

4

reverse under the substantial evidence standard, 'we must find that the evidence not only *supports* that conclusion, but *compels* it.'" (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992))).

Lin's claim that he was denied due process because his second attorney rendered ineffective assistance by advising him to admit to fraud instead of simply withdrawing the application is also meritless. Setting aside that the attorney's conduct was directed at remedying Lin's fraud, Lin's due process challenge fails for lack of prejudice. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004))). "[A] withdrawn application can serve as the basis for a frivolousness finding," *Mei Juan Zheng v. Holder*, 672 F.3d 178, 180 (2d Cir. 2012), and Lin failed to show that his fraud would not have been discovered but for his admission. As the IJ observed, Lin's withdrawal of his initial application and substitution with a factually inconsistent claim, as well as the fact that his first attorney's firm had been raided by authorities in connection with an asylum fraud

5

investigation, would have alerted the IJ and the Government that the contents of Lin's initial application were false.[1]

Lin's remaining arguments also fail. An independent Sixth Amendment right to counsel does not attach in immigration proceedings. *See Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). Moreover, his contention regarding the burden of proof in establishing a frivolousness finding was not presented to the agency and is thus waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Insofar as Lin also challenges his original counsel's assistance as ineffective, the claim fails. Lin cannot show that he was prejudiced by his counsel's performance, *see Garcia-Villeda v. Mukasey*, 531 F.3d at 149, because he knowingly took part in the fabrication of elements of his initial asylum petition and because he lacked an otherwise meritorious basis for seeking asylum.

6